UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONWAN TOWNSLEY, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-01476-TWP-MJD |
| WARDEN, | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Donwan Townsley for a writ of habeas corpus challenges a prison disciplinary proceeding identified as NCF 18-03-0124. For the reasons explained in this Entry, Mr. Townsley's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 Fed. Appx. 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On March 22, 2018, Mr. Townsley was charged with offense A-102, battery:

> On the above date and approximate time I OFC Dungan was conducting a CAB Screening on Off. Townsley #149493. During the screening Townsley became very upset and started cussing and hitting the door. When I went to retrieve my pen from the side of Off. Townsley's cell he began to spit at the glass and out the side of the cell door which got on my shoulder. I advised Off. Townsley he would be receiving a conduct report for a "A 102".

Dkt. 6-1.

On March 26, 2018, Mr. Townsley was served with a copy of the Notice of Disciplinary Hearing (Screening Report) and notified of his rights. He pleaded not guilty. Dkt. 6-3. Mr. Townsley requested a lay advocate and one was later appointed for him. *Id*. He also requested two witnesses and camera footage as evidence. *Id*.

Offender Brice Notter (#941916) provided the following statement:

> I witnessed this officer reading a conduct report! At this time the cuff board was never opened. At no time did this offender (RHU 106) spit. He told the officer to leave his door, that he wasn't signing anything. At this time he slid the paperwork and pen under the door, not out of the side. The camera will show it.

Dkt. 6-4.

Offender Kenneth Philhower (#256147) also provided the following statement:

> When he was at the door of 106 the offender ask the officer to "please leave from my door" and the officer then began to call him a pussy ass chekin a bitch and also called him a worthless offender. The offender then walked away from the door the officer then just stood staring through the window and then walked away. I never once see the offender spit at or on the door or officer and I was standing at my door the whole time.

Dkt. 6-5.

The video evidence review form stated:

> The video for the above case was reviewed from 13:50 to 14:45 as the offender requested. Video shows Officer B. Dungan on the 100 range in the area of cell 106.

> Video was inconclusive due to the camera being too far away and glare from the light coming in the window at the end of the range.

Dkt. 6-6.

On March 26, 2018, the disciplinary hearing officer conducted a hearing in case NCF 18-03-0124. Dkt. 6-7. Mr. Townsley pleaded not guilty and provided the following statement:

> I am ready to start the hearing. I have witnesses, they made that evidence up. Shaw picked up the pen. I told him to get away from the door. He did not show a reaction. MH was consulted.

Dkt. 6-7.

After considering staff reports, Mr. Townsley's statement, photographs, evidence from witnesses, and video evidence, the hearing officer found Mr. Townsley guilty of offense A-102, battery. Dkt. 6-7. Due to the seriousness and nature of the offense, and the degree to which the violation disrupted the facility, the hearing officer imposed the following sanctions: 45 days loss of commissary and phone privileges, six months disciplinary restrictive housing, 166 days earned credit time deprivation, and demotion from credit class C to credit class D. *Id*.

Mr. Townsley's appeals to the Facility Head and to the Appeal Review Officer were both denied. Dkt. 6-10; dkt. 6-11.

**C.     Analysis**

Mr. Townsley alleges that his due process rights were violated in the disciplinary proceeding. He alleges that: (1) Officer Dungan lied and said he spit on him; (2) they are saying the video is "inconclusive" to cover up the truth; and (3) if the officer was spit on he would not feel safe to come back the next day and spit could not end up on the officer's shoulder through a little slit in the door. Dkt. 1 at 2-3.

Mr. Townsley's claims essentially challenge the sufficiency of the evidence. The respondent argues that this claim has been procedurally defaulted because it was not raised in the

appeal process. While it is true that petitioners must exhaust their administrative remedies before seeking relief in disciplinary habeas corpus cases, 28 U.S.C. § 2254(b)(1)(A), the Court views the claims raised on appeal as arguably challenging the evidence and will therefore resolve the claims on the merits. Dkt. 6-11; dkt. 6-12.

Mr. Townsley first argues that the reporting officer lied. The disciplinary hearing officer was not required to believe Mr. Townsley's and his witnesses' statements over the officer's conduct report. Moreover, it is not the Court's role to reweigh the evidence or determine the relative credibility of one witness over another. *See Ellison*, 820 F.3d at 274 ("[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'") (*quoting Hill*, 472 U.S. at 455-56)). Therefore, this claim fails.

Mr. Townsley also alleges that the disciplinary hearing officer is trying to "cover up the truth" by stating that the video was inconclusive. Dkt. 1 at 2. The Court has viewed the video and agrees that the video does not show whether the officer standing in the hallway was spit on. Dkt. 6-6, dkt. 18. The camera is on the far end of the hallway and there is glare from light coming in the window at the end of the range. The video does not support either party's contentions. Therefore, Mr. Townsley is not entitled to habeas relief on this claim.

Mr. Townsley's final claim consists of rhetorical questions concerning how an officer might act if he had been spit on and whether an offender's spit could, in fact, go through a slit in the cell door. To the extent he questions the sufficiency of the evidence in this way, the Court finds that the conduct report and photographs constitute "some evidence" that supports the charge.

Mr. Townsley was given proper notice and had an opportunity to defend the charge. The disciplinary hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Townsley's due process rights.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Townsley to the relief he seeks. Accordingly, Mr. Townsley's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/7/2019

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DONWAN TOWNSLEY
149493
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov